UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                Hon. Terrence Berg

v.

                                Case No. 21-cr-20045

PRESTON PIERCE,

       Defendant.
_____/

## Plea Agreement

The United States of America and the defendant, Preston Pierce, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.**    **Counts of Conviction**

The defendant will plead guilty to Counts 1, 2 and 3 of the First Superseding Information. Count 1 charges the defendant with a violation of 21 U.S.C. § 841(a)(1) – Possession with the intent to distribute a controlled substance (Methamphetamine). Count 2 charges the defendant with a violation of 21 U.S.C. § 841(a)(1) – Possession with the intent to distribute a controlled substance (Fentanyl). Count 3

Page **1** of **17**

charges the defendant with a violation of 21 U.S.C. § 841(a)(1) – Possession with the intent to distribute a controlled substance (Heroin).

**2. Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | 5 yr. mandatory min up to 40 years in prison. |
|---|---|---|
| | Fine: | Up to $5,000,000 |
| | Term of supervised release: | At least four years, up to life |
| Count 2 | Term of imprisonment: | Up to 20 years in prison |
| | Fine: | Up to $1,000,000 |
| | Term of supervised release: | At least three years, up to life |
| Count 3 | Term of imprisonment: | Up to 20 years in prison |
| | Fine: | Up to $1,000,000 |
| | Term of supervised release: | At least three years, up to life |

The defendant understands that Count 1 requires a mandatory minimum sentence of 60 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

**3.     Agreement to Dismiss Remaining Charges**

There are no additional charges or counts pending against the Defendant.

**4.     Elements of Counts of Conviction**

The elements of Count 1 are:

1. The Defendant knowingly possessed a controlled substance;

2. The controlled substance was a mixture containing methamphetamine and it weighed more than 200 grams;

3. At the time he possessed the controlled substance, the Defendant intended to distribute it to one or more other people.

The elements of Count 2 are:

1. The Defendant knowingly possessed a controlled substance;

2. The controlled substance was fentanyl;

3. At the time he possessed the controlled substance, the Defendant intended to distribute it to one or more other people.

The elements of Count 3 are:

1. The Defendant knowingly possessed a controlled substance;

2. The controlled substance was heroin;

3. At the time he possessed the controlled substance, the Defendant intended to distribute it to one or more other people.

**5.     Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On August 14, 2020, a search warrant was executed at Preston Pierce's residence. His vehicle was searched as well. Law enforcement recovered 222 grams of a mixture containing methamphetamine, 34 grams of fentanyl, 7 grams of heroin, packaging materials, and a digital scale from Pierce's Buick LeSabre. Pierce admitted, after Miranda, that he possessed these controlled substances with the intent to distribute them to other people.

**6.     Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crime

charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

 A. The right to plead not guilty and to persist in that plea;

 B. The right to a speedy and public trial by jury;

 C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

 D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

 E. The right to confront and cross-examine adverse witnesses at trial;

 F. The right to testify or not to testify at trial, whichever the defendant chooses;

 G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

 H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

 I. The right to compel the attendance of witnesses at trial.

**7. Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

**8. Safety Valve**

The parties agree that the defendant is not eligible for the safety valve in 18 U.S.C. § 3553(f).

## 9. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, because the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties have no additional guideline recommendations for sentencing purposes.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**10. Imposition of Sentence**

    **A.    Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

    **B.    Imprisonment**

        **1.    Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that defendant's total sentence of imprisonment may not exceed 108 months. The parties further agree that the defendant's sentence of imprisonment may not fall below 87 months.

        **2.    Limited Right to Withdraw**

If the Court rejects the agreement by deciding to impose a sentence of imprisonment higher than permitted by paragraph 10.B.1, the defendant will be permitted to withdraw his guilty plea. That is the only reason the defendant may withdraw his guilty plea. If the defendant decides not to withdraw his guilty plea in those

circumstances, the defendant agrees that the Court may impose a sentence higher than permitted by paragraph 10.B.1 and that all other provisions in this agreement will remain in effect.

If the Court rejects the plea agreement by deciding to impose a sentence of imprisonment lower than permitted by paragraph 10.B.1, or by rejecting or purporting to reject any other term or terms of this agreement, the government will be permitted to withdraw from this agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a four-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's

sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

**D.    Fines**

There is no recommendation or agreement as to a fine

**F.    Forfeiture**

The defendant agrees, pursuant to 21 U.S.C. § 853(a), to forfeit to the United States his interest in the following assets:

A.    Any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation of 21 U.S.C. § 841 as charged in Counts 1, 2, and 3 of the First Superseding Information; and

B.    Any property, real or personal, used, or intended to be used, in any manner, to commit, or to facilitate the commission of, the violation of 21 U.S.C. § 841 as charged in Counts 1, 2, and 3 of the First Superseding Information.

The defendant agrees to the entry of one or more orders of forfeiture of his interest in such property upon application by the United States at, or any time before, his sentencing in this case as

mandated by Federal Rule of Criminal Procedure 32.2. The defendant agrees to sign such orders, indicating he consents to its entry if requested to do so by the government. The defendant agrees that the forfeiture order(s) will become final as to him at the time entered by the Court.

The defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property subject to forfeiture under this agreement to the United States and will execute such legal documents as may be required to transfer rights, title, and/or ownership to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture. If any other person or entity has any interest in such property, the defendant will assist in obtaining a release of interest from any such other person or entity, and to deliver clear title to property that is subject to forfeiture pursuant to 21 U.S.C. § 853.

In entering into this agreement with respect to forfeiture, the defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges in any manner (including direct

appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant expressly waives his right to have any determination regarding the forfeitability of the property referenced above whether by judge or by a jury under Federal Rule of Criminal Procedure Rule 32.2. The defendant further waives the requirements of Rule 32.2 regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

G. **Special Assessment**

The defendant understands that he will be required to pay a special assessment of $300, due immediately upon sentencing.

**11. Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 108 months, the defendant also waives any right he may have to appeal his sentence on any grounds.

**12. Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**15. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**16. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 pm on February 2, 2022. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn Ison
United States Attorney

_____
Benjamin Coats
Chief, Major Crimes Unit
Assistant United States Attorney

_____
Jeanine Brunson
Assistant United States Attorney

Dated: 1/18/2022

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Jeffrey Butler
Attorney for Defendant Pierce

_____
Preston Pierce
Defendant

Dated: 1-24-2022