UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**PRESTON D. PIERCE,**<br><br>Defendant. | **2:21-CR-20045-TGB-KGA**<br><br><br>**ORDER DENYING MOTION TO RESTORE ELIGIBILITY FOR EARNED TIME CREDITS (ECF NO. 36)** |

Defendant Preston D. Pierce is an inmate confined at the Lexington Federal Medical Center in Lexington, Kentucky. On December 5, 2022, Defendant filed a one-page motion requesting that his eligibility for earned time credits permitted by the First Step Act be restored. ECF No. 36.

As a preliminary matter, the Court declines to construe Defendant's request as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the manner in which his sentence is computed or executed. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). This motion is not a habeas corpus petition and should not be counted as such.

Second, notwithstanding the fact that "district courts cannot order the [federal Bureau of Prisons ("BOP")] to apply time credits to reduce federal sentences," *United States v. Soto*, No. 10-20635, 2022 WL

1

16787858, at *6 (E.D. Mich. Nov. 8, 2022), Defendant has provided insufficient information for the Court to grant any relief.

If "a prisoner believes that his sentence is improperly computed because he has been unfairly denied credit toward the sentence imposed, he must pursue administrative review of that computation with the BOP prior to seeking habeas relief under § 2241." *Hedges v. United States Marshals Serv.*, No. 22-294, 2022 WL 17177630, at *2 (E.D. Ky. Nov. 23, 2022). After satisfying the administrative exhaustion requirement of 28 U.S.C. § 2241, petitioners must present sufficient information for a court to evaluate whether they meet the First Step Act's requirements to receive earned time credits. *See, e.g.*, *Ybarra v. Garza*, No. 22-01153, 2023 WL 1997837, at *5 (N.D. Ohio Jan. 23, 2023), *report and recommendation adopted*, 2023 WL 1995327 (N.D. Ohio Feb. 14, 2023); *Shipman v. Cox*, No. 22-00001, 2022 WL 1239063, at *3 (N.D. Ohio Apr. 27, 2022); *Teed v. Warden, Low Sec. Corr. Inst., Allenwood*, No. 22-1568, 2023 WL 1768121, at *1 (M.D. Pa. Feb. 3, 2023); *Hernandez v. Warden FPC-Lewisburg*, No. 21-0599, 2022 WL 452408, at *3 (M.D. Pa. Feb. 14, 2022); *Knight v. Bell*, No. 20-3108, 2021 WL 1753791, at *3 (D. Md. May 4, 2021).

For example, assuming the petitioner is not otherwise barred from receiving earned time credits under the First Step Act, the court must be given information on the petitioner's "recidivism risk level under [BOP's] risk and needs assessment system," also "referred to as the Prisoner Assessment Tool Targeting Estimated Risk and Needs" or "PATTERN."

*Shipman*, 2022 WL 1239063, at *2. Specifically, the petitioner must "receive[] a PATTERN score of low or minimum risk of recidivism" to be "eligible to receive earned-time credits under the First Step Act." *Id.* at *3.

Defendant has not presented key facts that would allow the Court to make a similar determination here. Therefore, Defendant's request to restore eligibility for earned time credits is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 15, 2023  s/Terrence G. Berg
           TERRENCE G. BERG
           UNITED STATES DISTRICT JUDGE